JOHNSTONE, Justice
(dissenting).
I respectfully dissent from setting an execution date while Donald Dallas’s petition for federal habeas corpus relief is pending in federal court. While the State contends to us that Dallas’s federal habeas corpus petition is untimely, its timeliness vel non is a federal issue for the federal *781 court to decide. Our now setting this execution date tends to arrogate this federal issue unto this Court for decision and thereby tends to strain the comity between the state judiciary and the federal judiciary and to add one more pressure to the pressures the federal courts already bear.
I am constrained to observe further that the ineffective assistance of counsel claims in the now pending federal habeas corpus petition seem worthy of consideration if the federal court can reach the merits. Dallas raised these same claims in his Rule 32, Ala. R.Crim. P., petition in state court. After the state trial court heard and denied the Rule 32 petition, Dallas’s Rule 32 counsel missed the appeal deadline, and the Court of Criminal Appeals dismissed Dallas’s appeal. After Dallas then obtained a declaration by the trial court that the appeal time had been tolled during the pendency of a post-denial motion, Dallas refiled his appeal of the denial, but the Court of Criminal Appeals again dismissed the appeal as untimely. When Dallas petitioned this Court for a writ of certiorari to review the latter dismissal of the refiled appeal, this Court denied certiorari review because Dallas’s Rule 32 counsel had violated Rule 40(d)(1), Ala. R.App. P., by failing to file a timely application for rehearing before the Court of Criminal Appeals on the issue of its dismissal of the refiled appeal.
The allegations of Dallas’s Rule 32 petition were so apparently meritorious but the procedural defects in his quest for appellate review were so insurmountable that I personally was perplexed to the point of being unwilling to vote either to grant or to deny certiorari review. The note I wrote myself at the bottom of the cover of our internal memorandum regarding Dallas’s petition for a writ of certiorari reads:
“Petition alleges serious ineffectiveness on pp. 14-16. Petitioner’s appeal of the denial of his Rule 32 petition was dismissed as tardy because of his lawyer’s impression that a motion to reconsider would toll the appeal time. Then petitioner faded to apply for rehearing on that dismissal — so no cert. But isn’t the defendant entitled to some competent lawyer?”
My note, as it applies to Dallas’s Rule 32 counsel, was not meant as disparagement, for apparently she was zealous, but was meant as a reference to the critical need for absolute mastery of the complexities of our appellate law.